People v Diluca (2021 NY Slip Op 02541)





People v Diluca


2021 NY Slip Op 02541


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2019-06079
 (Ind. No. 2074/18)

[*1]The People of the State of New York, respondent,
v
Carlos Diluca, appellant.


Larry Sheehan, Bronx, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Aharon Diaz of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John Latella, J.), rendered May 1, 2019, convicting him of course of sexual conduct against a child in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On several occasions during the summers of 2012 and 2013, the defendant allegedly engaged in sexual conduct with the complainant, who was eight to nine years old at the time, while she was visiting her grandmother's house in Queens. The defendant was married to the complainant's great aunt and resided in the grandmother's house. After a jury trial, the defendant was convicted of course of sexual conduct against a child in the first degree.
The defendant's contention that the evidence was legally insufficient to establish his guilt of course of sexual conduct against a child in the first degree because the complainant was not credible is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see Penal Law §§ 130.00[2][a]; [3]; 130.75[1][a]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court